The last case called for oral argument this morning is People v. Helm. Counsel? Thank you, your honor. May it please the court. For the audio record, my name is Curtis Blood from Collinsville, and I represent Mr. Helm. This case is Style People v. Helm, but it's not a criminal case, it's an M.R., Miscellaneous Remedies. Mr. Helm found Roscoe, bit Ken Whitaker, and because of that, the circuit court declared Roscoe a vicious thug and ordered Roscoe killed. Roscoe's conduct was justified as a matter of the law. The circuit court did not have authority to order Roscoe killed. We'd ask this court to reverse the judgment and order the circuit court to order Roscoe given back to Mr. Helm. The Animal Control Act, specifically Section 15, is the only place where the circuit court is given authority to order the death of a vicious dog. Section 15 states a dog may not be declared vicious if the court determines the conduct of the dog was justified because the dog was protecting a member of its household or kennel. Well, we know what Roscoe's conduct was in this case. Roscoe and Chloe, also Mr. Helm's dog, escaped from Mr. Helm's home. Chloe attacked Mr. Whitaker's sister's dog, the unfortunately named Porkchop. Mr. Whitaker kicked Chloe once, twice, three times, and on the third kick, Roscoe bit Mr. Whitaker's arm. I don't want to minimize the bite. It was a heck of a bite. It was quite a bite. Mr. Whitaker was injured. But no one disagrees that what I just told you is what happened. This court needs to apply the Animal Control Act, Section 15 of it, to uncontradicted facts. And case after case, courts of review of the state have said that when you do apply the law to uncontradicted facts, review is denoted. We've cited cases in both of our briefs on that point. The state argues that review is not denotable because there is a dispute of fact as to whether Roscoe's conduct was justified. Well, justified is defined by Section 15 of the Act. This court has nothing to do but apply that to Roscoe's conduct, just as the circuit court had nothing to do but apply it to Roscoe's conduct. The circuit court incorrectly applied it. But all this court has to do is apply that definition that I just explained. The state tries three interesting strategies to overcome these facts. The first one is the state complains throughout about Mr. Helm, about Mr. Helm's conduct, what Mr. Helm should have done. And Mr. Helm wasn't trying to defend himself at the trial of this case, and I'm not trying to defend Mr. Helm. I think a defense can be made. It's an accident. But the statute doesn't say anything about the winner's conduct. The statute doesn't say that the owner's conduct has to be justified. It's the dog's conduct. Second, the state argues basically that Roscoe's conduct was not justified because Roscoe was defending the bad dog, Chloe. And yeah, Chloe is the disturber of trouble. Chloe is the bad dog. But there was no petition to find Chloe vicious, no petition just to have Chloe killed. This is about Roscoe. And you know, you could write the statute the way that the state suggests, that a dog may not be declared vicious if the court determines conduct was justified because the dog was protecting a member of his household or kennel. That was not a bad dog. And both of the dogs, pit bulls? Pit bulls, but Roscoe's. What of the other? I don't think they were sure. Okay. But the legislature has not written the statute to inquire as to the conduct of the dog being protected. It just hasn't. Maybe this should be taken up. It's my fault. I mean, maybe as a result of a proper decision in this case, the legislature will reconsider. But then again, maybe not. If you really want a dog, you have to make those choices. It's a judgment that might result in having many fine dogs put down or at least some of them, which is bad enough. Anyway, what's the difference? That's not the statute. It doesn't say unless protecting a bad dog. Third, the state points out that Roscoe has had a troubled career. Roscoe had three times been found by the animal control officer as a dangerous dog. And the statutory definition of a vicious dog says basically a dog that's attacked and done bodily harm or a dog that's been found dangerous three times. Well, what about that? That's a good question. Well, the conduct that was alleged in this case that the circuit court found was the attack on Ken Whittaker. And that's all that Mr. Hull defended against. That's all that was found. That's a justified attack. Well, what if we go back in and look at the dangerous dog findings by the animal control officer? Well, under the same section, section 15, the only place to get authority to find a dog vicious is to put him down. The owner is entitled to notice of the infraction that is the basis of the petition. And the only thing Mr. Hull was notified about was this attack on Ken Whittaker. It's all they talked about at trial. It's all that was defended. And that was the basis for the finding of a vicious dog and the order to kill Roscoe. So again, you've got to remember the statute. If you go back, the statute as it exists right now, section 15 as it exists right now, there's no way to get from that to anything but Roscoe's conduct. His conduct was justified. Protecting club. That's my point. And if there's any other questions, I'll be glad to. I didn't do too well on that one, did I? I'll take a shot at any of them. But I want to mention a state's brief. I'm reading in this brief, Roscoe had a death grip. That's a quote. Where does it say that? Roscoe nearly tore his arm off. Well, it was a bad bite. It was a terrible bite. But the man didn't miss it at work. I mean, that's an exaggeration. Roscoe was an attack dog. Just before this happened, just before Roscoe got out of the house, he and Chloe were being walked on leashes. You don't walk attack dogs on leashes. You walk pets. It doesn't say attack dog. That's the most important thing. It doesn't say attack dog anywhere on the record. Why the exaggerations? Do the facts not speak for themselves? Apparently, they do not. So, we asked the court to give effect to the plain language that the legislature used in Section 15. Facts are not a dispute. Roscoe's conduct was justified. The U.S. discourse reversed. Thank you, counsel. Counsel? Your Honors, under Section 2.19 of the Animal Control Act, there are two ways a dog may be found to be vicious. Two different categories of attacks are contemplated. The first is if the dog, without justification, attacks a person and causes serious physical injury or death. This category may be summarized as one attack, but serious damage. The second is if the dog has been found to be a dangerous dog on three separate occasions. This category does not depend on the seriousness of the bite, but it requires three separate occasions. Contrary to what opposing counsel argued here today, the state alleged both of these types of vicious findings. The state alleged Mr. Helm violated the statute both ways. Mr. Helm's entire argument depends on justification as a defense, that Roscoe was justified in attacking Mr. Whitaker. The problem for Mr. Helm is lack of justification is only an element to count one. In his reply brief, Mr. Helm argues that the state only alleged one way. A plain reading of the complaint shows this is not true. The complaint is found at pages 25 through 28 of the record. Count two of the complaint alleges Roscoe was found to be a dangerous dog on three separate occasions. The findings of the administrator were never contested by Mr. Helm. They're not an issue in this court. Mr. Helm simply decided not to respond to those, as he did every one of the notifications and complaints that came previously. The written findings of the administrator were attached to the complaint as Exhibits A, B, and C. Certainly this was alleged at the trial court. Even if this court accepts Mr. Helm's, what I would call, morbid justification argument when his dog was the first aggressor, justification is not a defense to count to, nor is it an element of the charge. As mentioned in the statute, there are two ways a dog may be found to be vicious. These two ways are written in the disjunctive. That small word, or, is between the two ways that a dog may be found to be vicious. If a dog has been found to be a dangerous dog on three separate occasions, and in this case Mr. Helm did not contest any of those, then the dog is vicious as a matter of law. Mr. Helm did not raise the claim that the state pleaded only one cause of action until his reply brief. The state, therefore, should be able to argue this today, and at trial, and in the answer brief, the state argued that Roscoe met both definitions under the statute. The fact that the state included an allegation in count two, that there was a lack of justification, because it is not an element of the statute for this cause of action, its inclusion in that count two of the complaint is mere surplusage. The trial court found Roscoe met both definitions. If it appears unclear at all in the written order, the transcript attached to the state's brief at Exhibit G, beginning at page 88, states as follows. This is the assistant state's attorney, Mr. Allfeld. I want to make the record clear you're finding in favor of the people of the state of Illinois on both counts. The court, absolutely. That's why I wondered if you wanted a chance to prepare a formal order that covers the findings for both counts. Even for the sake of argument, if this court finds a conflict between the written order and the oral pronouncement, the oral pronouncement of the court controls. The court clearly, plainly found Roscoe met both definitions, and the state proved both counts. The evidence supports the trial court's finding that Roscoe was a vicious dog. Roscoe bit four people. Roscoe caused severe injury to Mr. Whitaker's arm. The fact that counsel is here arguing today that it wasn't that serious and why did the state attach that photograph, those are factual issues, which Mr. Helms says there are no factual issues. Clearly there are, and the extent of the injury to Mr. Whitaker's arm is a question of fact for the trial court. Certainly the trial court found it was there. I need to add also that the reason Mr. Whitaker did not miss work had nothing to do with the extent of the injury. His testimony plainly said in the transcript of page 25 he did not miss work because he needed the money. Although it is sad that Mr. Helms disregarded every notice of what he needed to do to protect the public and keep Roscoe alive, he ignored the danger. Even now, in this court, he wants to blame the people who were bitten instead of looking at his own failures. One of these people bitten was an eight-year-old girl. This is not a close case, Your Honors. The state met their burden, and this court should affirm it. Thank you, Your Honors. Thank you, counsel. It's been a long morning. I hope necessity be brief. After a noon, yes. They say it's cruel and unusual punishment to have to listen to this stuff. Here's what the judge said, Judge Crowder, by the way. I realize, I know it's the back of your mind because you kind of said this, that Roscoe reacted because Chloe got kicked. But it doesn't matter whether Roscoe thinks he's protecting his yard, another member of his family, or what. Roscoe was already declared dangerous. The rule is very clearly laid out. That if anything else happened, they weren't going to have any option but to take this action to protect the public. See? Justified. That's what we're talking about. Justified. Judge found not justified. The judge apparently wasn't shown the statute, possibly because Mr. Helden didn't have a lawyer. Actually, in the transcript, he tried to show it to the judge. Through a cross-examination of the witness, he didn't know he can't do that. We just heard about count 2 of the amended complaint. Count 2, paragraph 3, this is in C-27, says that on May 3, 2013, while at large and unsupervised, Roscoe attacked one Kenneth Whitaker. That's count 2. That's both counts. That's the conduct that was alleged. Again, the statute. Section 15, in order to have a dog deemed vicious, the administrator or law enforcement officer must give notice of the infraction. That is the basis of the investigation. So, he's entitled to notice. He's entitled to know what he's fighting against. And in both counts, it's the attack on Whitaker. That's what he defended. That's what the judge found. The judge found on both counts. But what's the difference? Whitaker and both. Now, if we're going to go back, if we're going to go back to the previous accident, the third finding of dangerous dog, then was conduct justified? I think it was the 8-year-old girl, Mr. Helms, said the girl was trespassing. Might not have been that particular incident, but he was in trial. He said, one of them was trespassing. Justification? Well, that case, that wasn't even being tried. Is that a case we should be making now? If the state wants to make that case, they have to go back to square one. Like the statute says, provide notice of the infraction. That is the basis. Well, here was Ken Whitaker. Justified. Thank you. Thank you, counsel. We appreciate the briefs and arguments of counsel to take the case under advisement. Court is in recess until 1 o'clock.